JUSTICE RICE,
concurring in part and dissenting in part.
¶16 With regard to Miller’s claim for fraudulent deceit, I agree with the District Court’s conclusion, referenced in ¶ 12 of the Court’s Opinion, that “[n]o reasonable person could interpret [the evidence] to support a finding that Begley made misrepresentations to Miller to swindle money in attorney’s fees from Miller.’’Thus, I would affirm the entry of summary judgment on the fraud claim.
¶17 Regarding the breach of contract claims, the Court reasons, as the District Court did, that Miller did not produce sufficient evidence to establish, for summary judgment purposes, that the parties had an express agreement that Begley would conduct six specific services. While I can agree with this conclusion in regard to an agreement for “six specific services,” I believe Miller produced sufficient evidence to establish that Begley orally agreed to complete specific discovery work, which he then failed to complete as agreed.
¶18 The District Court noted that “[b]oth parties acknowledge Begley agreed to assist Miller with discovery in his case against Goetz, his prior attorney.” Specifically, Miller’s complaint alleged that Begley contracted to ‘Prepair [sic], Serve and Submit written discovery in the form of requests for Admission and Interrogatories from defendant James Goetz for Summary Judgment Proceedings on behalf of Plaintiff John O. Miller” and also to ‘Prepair [sic] take and Submit deposition testimony ... from defendant James H. Goetz for Civil Cause No. DV-07-361B for Summary Judgment Proceedings.” These were two of the six services Miller alleged Begley agreed to undertake. Miller submitted the affidavits of his mother and brother which aver that Begley personally told them he would perform these two services, as well as his own affidavit swearing that Begley discussed that with Miller as well.
¶19 As additional support, Miller subpoenaed from the Department of Corrections the recording of telephone conversations between him and *120 Begley, which were transcribed by a third party.[1] The transcript included the following statements by the parties:
Begley: What I can do is I can tell you that the, you hired me to get the discovery. The discovery is being provided and it will be answered by Goetz. And that was the understanding that we have, and I’m going to make sure that the court is aware of our understanding and in the event that they try to do something and then we’ll go forward with a motion to compel. We’re also going to be moving to suspend judgment until the discovery is completed.
Miller: So you’re, you’re promising to me right now that we’re going to get that discovery.
Begley: John, I’m promising that I’m going to be submitting the discovery to Mr. Goetz, and I have been promised that Goetz is going to fill out that discovery. I make no other promises.
Miller: Well, and you’ll compel and we’ll, we’ll be able to compel him if he doesn’t answer.
Begley: If he fails to answer, we will be able to compel.
Miller: so I’m going to get me discovery even though we, we’re passed the deadline. I shouldn’t worry about it.
Begley: That’s correct.
Begley: And so then, now I can’t promise you what his answer is going to be. That would be foolish.
Miller: But you can, but you’re telling me we, you’re telling me we’ll be able to compel him legally in court, in Salvagni’s court to answer them.
Begley: Yeah, if he doesn’t answer or if he fails to answer, yes, that’s right.
Despite Begley’s assurances that he had agreed to obtain discovery from Goetz and would do so, even by compulsion if necessary, he didn’t. Instead, after initially giving notice of Goetz’s deposition, Begley, according to Miller’s affidavits and exhibits, cancelled the deposition in favor of Goetz’s participation in an informal meeting. According to the letter of August 18, 2008, from Todd Stubbs, Goetz’s *121 counsel, to Begley, outlining the arrangement:
Mr. Goetz will make himself available on August 29,2008 to field your questions regarding Mr. Miller’s sentencing in 1991. The meeting will take place in Bozeman at a time and place of Mr. Goetz’s choosing. Mr. Goetz reserves the right to decline to answer any questions he deems irrelevant, inappropriate, or otherwise.
This meeting is informal and will be convened for the sole purpose of attempting to settle this matter. Accordingly, any communications made during this meeting are inadmissible under Mont. R. Evid. 408.
Please also be advised that Mr. Goetz is cancelling your client’s deposition set for August 21, 2008.
Then, as a sanction for Begley’s failure to answer Miller’s discovery requests after being ordered to do so, the District Court entered an order which deemed as admitted Miller’s requests for admission that were unanswered by Begley.[2] That sanction had the effect of attributing various statements and actions to Begley, including his statement that, if the case did not settle, obtaining Goetz’s deposition would be necessary before proceeding to the summary judgment hearing, and his admission that, at the time he filed notice to depose Goetz on Miller’s behalf, Begley had already agreed with Stubbs to cancel the deposition.
¶20 Though often misfiring in these proceedings, Miller marshaled, in my view, sufficient evidence to establish for purposes of summary judgment that Begley orally contracted with Miller to complete specific discovery tasks and submit the discovery in the lawsuit, but that Begley failed to follow through as agreed. This was an agreement for limited representation, a practice recently approved by Court rules. While the District Court was undoubtedly correct in concluding that Miller’s claims against Goetz ‘had essentially no chance of success”-even without regard to Begley’s alleged deficiencies-Miller could still obtain a judgment against Begley for the legal fees paid, under his breach of contract theory. I would reverse the entry of summary judgment on Miller’s contract claims and remand for further proceedings.

 The third party, a secretarial service, provided a certification that the transcription of the telephone conversation as set forth on the disks provided by Miller was true and accurate to the best of the transcriber’s ability. The accuracy of the transcription has not been contested or the use of the evidence challenged, ¿though Begley asks that the entirety of Miller’s brief be stricken.

 The discovery abuse was not one-sided. Begley’s motion to declare Miller a vexatious litigant was partially granted by the District Court, wherein it stated ‘tilt appears Miller has attempted to cause Begley an undue hardship by attempting to abuse the discovery process and now attempts to burden Begley and this Court with excessive and unnecessary motions ....’’This ruling is not challenged on appeal.